**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY J. PITTS,** | ) | **CASE NO.1:05CV2226** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **PERKINS LOCAL SCHOOL BOARD** | ) | **OPINION AND ORDER** |
| **OF EDUCATION, ET AL.,** | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

  This matter is before the Court on Defendants Perkins Local School Board of Education's

and Mary Anne Baxter's Motions for Judgment on the Pleadings.  For the following reasons, the

Court grants the Motions as to both Defendants on Counts I and II of Plaintiff's Complaint and

dismisses the remaining pendent state claims.

**FACTS**

  Plaintiff was an employee of Defendant Perkins Local School Board from 1974 to 2003.

In September of 2004, an anonymous fax was sent to a local reporter alleging Plaintiff was

arrested for solicitation.  The reporter then sent an email to Defendant Baxter, a member of the

Perkins Local School Board, asking for confirmation of the information sent in the fax.  On

1

September 21, 2004, Baxter sent an email reply which contained Plaintiff's address, phone number and social security number.  Plaintiff alleges the email also implied Plaintiff was arrested for solicitation, which turned out to be false.

Plaintiff's Complaint alleges Defendants actions violated the Privacy Act of 1974 by disclosing his social security number (Count I); violated Plaintiff's Fourth Amendment right to privacy (Count II) and various state claims. Plaintiff brings suit against Defendant Baxter in her official and individual capacity.

## **Standard of Review**

A party may move for a judgment on the pleadings after the pleadings are closed and within such time as not to delay the trial. Fed.R.Civ.P. 12(c). For the purposes of the motion for judgment on the pleadings, all well-pleaded allegations of the nonmoving party's pleadings must be taken as true. *United States v. Moriarty,* 8 F.3d 329, 332 (6th Cir.1993). A court will grant judgment on the pleadings when no material issues of fact exist and the moving party is entitled to judgment as a matter of law. *Id.*

If matters outside the pleadings are considered in adjudicating the motion, the motion should be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(c). In determining this motion, the Court looks only to well-pleaded allegations, and to law and accepted commentary thereon.

## **Analysis**

Plaintiff's Complaint at Count One alleges violation of 5 U.S.C. §552a, the Privacy Act of 1974.  Defendants allege any claim for violation of 5 U.S.C. §552a may not be maintained against them, as the Privacy Act is only applicable to federal agencies.  In *Schmitt v. City of*

2

*Detroit,* 395 F.3d 327, 331 (6th Cir. 2005), the Sixth Circuit held the "Privacy Act applies

exclusively to federal agencies."  As Plaintiff does not appear to contest the clear language of

*Schmitt*, the Court grants Defendants' Motions as to Count One of Plaintiff's Complaint.

 Count Two of Plaintiff's Complaint alleges violation of Plaintiff's right to privacy as

guaranteed by the Fourth Amendment. Plaintiff brings his action under 42 U.S.C. §1983, which

requires Plaintiff to allege he was deprived of a right, privilege, or immunity secured by the

Federal Constitution or laws of the United States, and the deprivation was caused by a person

while acting under color of state law." *Flagg Bros. V. Brooks,* 436 U.S. 149, 155-57 (1978),

*Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005).    Defendants' contend there is no

Constitutional "right to privacy" in the nondisclosure of one's social security number.  After

careful consideration, this Court agrees with Defendants.

 In *Whalen v. Roe,* 429 U.S. 589 (1977), the Supreme Court discussed the extent of an

individuals right to privacy in nondisclosure of personal medical information.  After discussions

of rights to privacy contained in various Amendments to the United States Constitution the Court

addressed the right to privacy in the Fourth Amendment.  The Fourth Amendment right to

privacy involves, "affirmative, unannounced, narrowly focused intrusions into individual privacy

during the course of criminal investigations."  The Supreme Court expressly refused to expand

the scope of the Fourth Amendment right to privacy beyond criminal investigations.  Plaintiff

argues Justice Brennan, in his concurrence, stated, "an individual's interest in avoiding

disclosures of personal matters is an aspect of the right to privacy."  *Id*. at 606.  However, Justice

Stewart, in his concurrence, stated "there is no general constitutional right to privacy." *Id* at 607-

608. Justice Stewart criticized Justice Brennan's statement as unsupported by the cases cited by

3

Justice Brennan.  *Id.*  More importantly, the Sixth Circuit has expressly held, "the Constitution does not encompass a general right to the nondisclosure of private information." *Jarvis v. Wellman,* 52 F.3d 125, 126 (6th Cir. 1995), quoting *J.P. v. DeSanti,* 653 F.2d 1080, 1090 (6th Cir. 1981).   The Sixth Circuit in *Jarvis* went on to say, "[a]lthough we acknowledged the significance of a right of privacy, we found that '[i]nferring very broad 'constitutional' rights where the Constitution itself does not express them is an activity not appropriate to the judiciary.' *Jarvis* 52 F.3d at 126 quoting *DeSanti,* 653 F.2d at 1090. Only when "fundamental" rights are implicated does a privacy concern take on constitutional dimensions." *Jarvis* 52 F.3d at 126.

Plaintiff can cite no Sixth Circuit case law finding the disclosure of one's social security number constitutes a Constitutional violation.

Therefore, the Court finds Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(c) and dismisses Counts I and II as to Defendant Perkins Local School Board and Defendant Baxter.

As this Court is unpersuaded that the nondisclosure of one's social security number is a "fundamental" Constitutional right sufficient to support a §1983 action, and in keeping with the Sixth Circuit's admonition to refrain from inferring Constitutional rights when not expressly enunciated in the Constitution,  the Court finds Plaintiff's Complaint at Count II fails to state a claim upon which relief may be granted.

28 U.S.C. § 1367, grants district courts supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The

4

statute also grants district courts the discretion to dismiss pendent state law claims if all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3).  Since the remaining claims do not arise under federal law, do not invoke remedies expressly granted by the U.S. Constitution or an act of Congress, nor present a "pivotal question of federal law", those state claims in Plaintiff's Complaint are dismissed.  "Where the federal element which is the basis for jurisdiction is disposed of early in the case, as on the pleadings, it smacks of the tail wagging the dog to continue with a federal hearing of the state claim." *McFaddin Express, Inc. v. Adley Corp.*, 346 F. 2d 424 at 427 (2nd Cir. 1965).

Therefore, the Court dismisses Counts I and II of Plaintiff's Complaint as to all Defendants and dismisses Plaintiff's remaining pendent state claims.

IT IS SO ORDERED.


_4-19-2006_____                        _S/Christopher A. Boyko_____

Date                                          CHRISTOPHER A. BOYKO
                                              United States District Judge

5